Eugene Volokh
385 Charles E. Young Dr. E
Los Angeles, CA 90095
(310) 206-3926
*volokh@law.ucla.edu*

Jan. 14, 2016

Molly C. Dwyer
Clerk of Court
U.S. Court of Appeals for the Ninth Circuit
95 7th St.
San Francisco, CA 94103

Re: Rule 28(j) letter in No. 15-16501, *Tracy Rifle & Pistol LLC v. Harris* (briefing complete, argument scheduled for Feb. 9, 2016)

Dear Ms. Dwyer:

    We write to note *Retail Digital Network v. Appelsmith*, No. 13-56069 (9th Cir. Jan. 7, 2016), which holds:

    1. "[T]he First Amendment does not allow the government to silence truthful speech simply for fear that adults who hear it would be too persuaded." Slip op. at 22. This supports our opening brief at 14-24. It is inconsistent with appellees' view that speech may be restricted to prevent "impulse purchase[s]," appellees' brief at 20-25.

    2. "Post hoc rationalizations for a restriction on commercial speech may not be used to sustain its constitutionality." Slip op. at 17. This suggests that appellees' "impulse purchase" justification, appellees' brief at 20-25, is irrelevant absent evidence that it "actually animated a challenged law," slip op. at 17.

    3. *Sorrell v. IMS Health Inc.*, 131 S. Ct. 2653 (2011), requires "heightened judicial scrutiny" rather than "intermediate scrutiny." Slip op. at 21. A commercial speech restriction thus may not be justified by "'mere speculation or conjecture,'" but requires evidence that (a) the restricted speech poses "real danger" of harm and (b) the restriction "ma-

terially advances" the interest, *id.* 25-26 & n.6 (citation omitted). This supports our opening brief at 24-35.

4. *Sorrell* "cannot [be] distinguish[ed]" "as a case involving a complete ban"; "'content-based burdens must satisfy the same rigorous scrutiny as' 'content-based bans,'" slip op. 22. This is inconsistent with appellees' argument that *44 Liquormart, Inc. v Rhode Island*, 517 U.S. 484 (1996) (opinion of Stevens, J., relied on heavily by *Sorrell*), and *Lorillard Tobacco Co. v. Reilly*, 533 U.S. 525 (2001), "are inapposite" to restrictions short of a ban, appellees' brief at 31.

5. *Actmedia, Inc. v. Stroh*, 830 F.2d 957 (9th Cir. 1986), "is no longer binding" given *Sorrell*, slip op. at 23. Our opening brief distinguished *Actmedia* at p. 20.

6. Whereas *Coyote Publ'g, Inc. v. Miller*, 598 F.3d 592 (9th Cir. 2010), "applied intermediate scrutiny," *Sorrell* required "'heightened judicial scrutiny,'" slip op. at 15-16, as this Court now does as well, *id.* at 21. This undermines appellees' reliance on *Coyote*, appellees' brief at 18 (citing *Coyote* as requiring "intermediate[ ]scrutiny"), 22, 24, 25.

Sincerely Yours,

Eugene Volokh
Counsel for Appellants

cc: All counsel of record

9th Circuit Case Number(s) | 15-16501

*******************************************************************************

## CERTIFICATE OF SERVICE
When All Case Participants are Registered for the Appellate CM/ECF System

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on (date) Jan. 14, 2016 .

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

Signature (use "s/" format) | s/ Eugene Volokh